UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>V.<br><br>RONALD LEE GENTRY,<br>  Defendant. | CRIMINAL ACTION NO. 5:12-127-KKC<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

  This matter is before the Court on Defendant Ronald Lee Gentry's motion (DE 148) for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines. The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

  Gentry pleaded guilty to one count of conspiracy to distribute Oxycodone, in violation of 21 U.S.C. § 846. (DE 138, Judgment). According to the presentence report, the defendant's Base Offense Level under then-existing U.S.S.G. § 2D1.1 was 12. However, the presentence report provided that Gentry's prior felony convictions qualified him as a career offender under U.S.S.G. § 4B1.1, with an enhanced offense level of 31. Gentry's advisory guideline range, as a career offender, was 188 to 235 months. The Court granted a downward departure and sentenced the defendant to 120 months of imprisonment (DE 138, Judgment).

  Gentry is not eligible for a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, the career offender guideline

range controls if it is greater than the initial advisory guideline range. U.S.S.G. § 4B1.1(b). In this case, the Court calculated Gentry's sentence based on the career offender guidelines and then departed downward from that range. When a sentencing range is derived from § 4B1.1 and not the Drug Quantity Table in § 2D1.1, Amendment 782 does not apply. *See United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (holding previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Sullivan*, No. 5:14-cr-7-06, 2015 WL 1524089, at *2 (N.D. Ohio Apr. 3, 2015) (finding defendant not eligible for a sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status); *United States v. Nicholson,* No. 3:11–194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2015) (same).

Accordingly, **IT IS ORDERED** that Defendant's motion for a sentence reduction (DE 148) is **DENIED**.

Dated March 11, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY