UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL NO:   5:12-cr-127-KKC-EBA-3
Related Civil No.   5:16-cv-448-KKC-EBA

UNITED STATES OF AMERICA,                                                                PLAINTIFF,

V.                                             **MAGISTRATE JUDGE'S**
                                               **REPORT AND RECOMMENDATION**

RONALD LEE GENTRY,                                                                       DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

## INTRODUCTION

On November 8, 2012, Defendant Ronald Gentry was charged with conspiring to distribute cocaine in violation of 21 U.S.C. § 846. [R. 1]. On June 24, 2013, pursuant to a plea agreement, Gentry pled guilty to the cocaine conspiracy charge, [R. 124], and as part of his plea agreement, Gentry admitted that he may be a career offender pursuant to § 4B1.1(a) and (b)(2) of the U.S. Sentencing Guidelines, due to having prior convictions for controlled substance offenses. [R. 126 at 3]; [Presentence Investigation Report at 12–14].

Specifically, as documented in his Presentence Investigation Report, Gentry was convicted of trafficking cocaine in the first degree in Fayette Circuit Court in 2000, sentenced to five years imprisonment, and then was again convicted of cocaine trafficking in 2006, and sentenced to another five years. [Id. at 12–14]. After he was most recently charged with conspiracy to distribute cocaine on November 8, 2012, Gentry was thus labeled a "career offender" under USSG §4B1.1(b)(2) due to his prior felony convictions for controlled substance offenses. [Id. at 9]. Gentry did not object to the Presentence Investigation Report's guideline calculations of 188–235 months imprisonment, [id. at 24], and the Court sentenced Gentry below

1

the USSG-recommended range, to 120 months imprisonment. [R. 138]. He did not appeal his sentence.

On December 5, 2016, Gentry filed a 28 U.S.C. § 2255 Motion to Vacate Sentence, claiming his sentence was unconstitutionally enhanced in light of the principles set forth by the U.S. Supreme Court in Mathis v. United States, 136 S. Ct. 2243 (2016), and by the Fifth Circuit in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). [R. 158]. Gentry argues that the Kentucky statute under which he was convicted for trafficking cocaine encompasses broader conduct than the generic offense and no longer qualify as predicate offenses for a career offender designation. He relies on Mathis' holding in which the Court found that Iowa's burglary statute, which criminalized "burglary of vehicles" encompassed conduct beyond that prohibited by the generic definition of burglary. Thus, in Mathis, the Court found the Iowa statute broader than generic burglary, and a conviction under the Iowa statute could not constitute a "burglary" for sentence enhancement purposes.

Gentry further argues that his position is further supported by Hinkle, where the Fifth Circuit held that that the "delivery" element of defendant's heroin distribution conviction criminalized a greater swath of conduct than the elements of the parallel generic offense, and therefore could not qualify for career offender enhancement.

For the reasons set forth below, the undersigned finds those cases do not affect the validity of Gentry's sentence enhancement under the Guidelines, and recommends that his § 2255 petition be denied.

STANDARD OF REVIEW

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must establish that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). To meet this standard, he must show that either: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004).

## ANALYSIS

Gentry is claiming that his sentence was unconstitutionally enhanced as a "career offender" under § 4B1.2 of the U.S. Sentencing Guidelines ("USSG"), see [Presentence Investigation Report at 9], arguing that his prior drug offenses no longer qualify as predicate offenses. [R. 173 at 2]. Defendant exclusively relies on two cases for relief: Mathis v. United States, 136 S. Ct. 2243 (2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). In Mathis, the U.S. Supreme Court held that the elements of Iowa's burglary statute were broader than those of "generic burglary," as defined by the U.S. Supreme Court and enumerated in the ACCA, and thus, held that the defendant's prior Iowa convictions could not qualify as predicate "violent felony" offenses for ACCA sentence enhancements. Id. at 2243, 2258. In Hinkle, the Fifth Circuit Court of Appeals vacated a defendant's sentence on direct appeal, upon finding that he was improperly sentenced as a career offender under § USSG 4B1.1(a), because his prior Texas conviction for heroin delivery did not qualify as a controlled substance offense within the meaning of that subsection. Gentry now claims that "[i]n light of Mathis and Hinkle, petitioner's convictions for trafficking in a controlled substance and possession of a controlled substance no longer qualify as predicate offenses for the career offender enhancement." [R. 158 at 4]. He argues that his "convictions fall under a Kentucky statute that criminalizes a greater swath of conduct than the elements of the relevant Guidelines offense and just like Hinkle, his prior

3

convictions cannot serve as a predicate offense under the Career Offender Guideline provision." [R. 158-1 at 4].

Neither Mathis nor Hinkle are applicable to Defendant's USSG sentence enhancement, and neither case entitles him to collateral relief under 28 U.S.C. § 2255. First, Gentry was sentenced on October 4, 2013, but courts have established that the 2016 holding in Mathis does not apply retroactively, because Mathis did not create a new rule of law which applies retroactively to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in Mathis that it intended its holding to be applied retroactively to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (finding that inmate "failed to make a prima facie showing that Mathis . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (holding that "Mathis did not announce a new rule"); Box v. United States, No. 16-2546, 2016 U.S. App. LEXIS 20373, at *2 (7th Cir. Jul. 20, 2016) (finding that Mathis "does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[ ]'") (citing 28 U.S.C. § 2255(h)(2)); Atkinson v. United States, No. 1:16-cv-67, 2017 U.S. Dist. LEXIS 51049, at *5-6, 2017 WL 1227876 (W.D. Mich. Apr. 4, 2017) (finding that "Mathis did not announce a new constitutional rule"); United States v. King, No. 2:09-cr-166, 2017 U.S. Dist. LEXIS 36302, at* 4-5, 2017 WL 978549 (S.D. Ohio Mar. 14, 2017) (concluding that "Mathis did not create a new substantive right which is applicable to cases pending on collateral review ..."); Proctor v. United States, No. 5:11-CR-00030-TBR, 2017 WL 2802174, at *2 (W.D. Ky. June 28, 2017). Notably, even if Mathis could

be applied retroactively, its holding concerns ACCA enhancements specifically, but as explained *supra*, Gentry's sentence was enhanced under the Sentencing Guidelines, and not the ACCA.

Second, the Fifth Circuit's decision in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), also does not entitle Gentry to collateral relief. For one, Hinkle was a 2016 Fifth Circuit case, and would also have to be retroactively applied to benefit Gentry, but a Fifth Circuit holding cannot create or set forth a new rule of constitutional law, let alone create a new rule that could retroactively apply to cases on collateral review; "a new rule is 'made retroactive to cases on collateral review' only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. Tyler v. Cain, 533 U.S. 656 (2001). Furthermore, the Hinkle Court vacated the defendant's sentence on direct appeal, and not within the § 2255 collateral attack context. See United States v. Ray, No. 12-CR-20308, 2017 WL 1405018, at *2 (E.D. Mich. Apr. 20, 2017) ("*Hinkle* does not compel a different result, as the court in that case was applying *Mathis* on direct appeal, not collateral attack." Id.). Where the Fifth Circuit's holding in Hinkle cannot be retroactively applied, and is additionally inapplicable to Defendant's collateral attack, Gentry is not entitled to relief under either Mathis or Hinkle, the two cases upon which he exclusively relies.

In short, Gentry's sentence was properly enhanced under USSG § 4B1.1 due to his having two prior cocaine distribution convictions, and where Mathis and Hinkle afford no relief to the Defendant, his § 2255 petition based on those cases should be denied.

## CONCLUSION

The undersigned hereby RECOMMENDS that Defendant Ronald Gentry's Motion to Vacate pursuant to 28 U.S.C. § 2255, [R. 158], be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen

(14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    Signed August 4, 2017.

Signed By:
<u>Edward B. Atkins</u> *EBA*
United States Magistrate Judge